UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TODD COBURN,

          Plaintiff,

v.

L.J. ROSS ASSOCIATES, INC.,

          Defendant.
_____/

Civil Action No.: 14-11080
Honorable Mark A. Goldsmith
Magistrate Judge Elizabeth A. Stafford

## REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR DISMISSAL AND/OR SUMMARY JUDGMENT [20] WITHOUT PREJUDICE

Before the Court is Defendant L.J. Ross Associates, Inc.'s motion for dismissal and/or summary judgment of Plaintiff Todd Coburn's claims. [20] In the motion, L.J. Ross argues that Coburn's case should be dismissed for failure to prosecute, and that there are no material facts in dispute because Coburn failed to timely respond to a request for admissions, deeming the matters therein admitted. A hearing was held on the matter April 7, 2015. For the reasons stated on the record and those stated below, the Court **RECOMMENDS** that L.J. Ross's motion **[20]** be **DENIED WITHOUT PREJUDICE**.

**I.     BACKGROUND**

In March 2014, L.J. Ross removed to this Court the complaint filed by Coburn *pro se,* which alleges violations of state and federal credit protection statutes. [1]. Thereafter, on July 14, 2014, L.J. Ross served Coburn with a set of interrogatories, requests for production of documents and requests for admissions. [20-2, Pg 112-19]. By operation of the Federal Rules of Civil Procedure, the responses to discovery requests were due thirty days later. Fed. R. Civ. P. 33(b)(2)(A), 34(b)(2)(A) and 36(a)(3).

According to L.J. Ross, it also attempted to take Coburn's deposition on August 18, 2014, but he refused to answer questions. [20, Pg 102]. Magistrate Judge David Grand held a telephonic conference on August 19, 2014, [15], which L.J. Ross alleges pertained to Coburn's refusal to cooperate during the deposition. [20, Pg ID 102]. L.J. Ross contends that Judge Grand advised Coburn that he needed to cooperate in discovery or this action could be dismissed and that, if he wished to retain counsel, his counsel's appearance needed to be filed imminently. [*Id.*] However, those warnings were not documented anywhere on the record, and L.J. Ross does not allege that the July 14 discovery requests were addressed during the telephone conference.

On August 21, 2014, counsel for Coburn filed his appearance. [16].

In October, the parties agreed to an extension of the discovery and dispositive motion deadlines, to October 31 and December 5, 2014, respectively. [18]. Despite this extension, L.J. Ross alleges that Coburn's deposition has not yet been rescheduled, and that Coburn has failed to respond to the July 14 discovery requests. [20, Pg 101-03]. Nonetheless, no discovery motions were filed by either side within the extended discovery period. On December 5, 2014, L.J. Ross filed the instant motion.

As set forth below, the Court recommends that L.J. Ross's motion to dismiss for failure to prosecute be denied because there is an insufficient record of delay or contumacious conduct on Coburn's part, and no record of a warning that his case could be dismissed for failure to cooperate with discovery. Additionally, the Court recommends that Coburn's late-filed answers to L.J. Ross's request for admissions be permitted, and that L.J. Ross's motion for summary judgment therefore be denied without prejudice.

### III.   ANALYSIS

#### A.   Dismissal Under Rule 41(b)

Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action where "the plaintiff fails to prosecute or to comply with these rules or a court order." The Sixth Circuit has outlined four factors to consider

when deciding whether to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Knoll v. American Tel. & Tel. Co.,* 176 F.3d 359, 363 (6th Cir. 1999).  Here, the Court finds that application of these factors weighs against dismissal at this juncture.

### 1. Willfulness, Bad Faith or Fault

The Sixth Circuit has held that, to qualify as "bad faith, willfulness, or fault," a party's conduct "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001) (quoting *Shepard Claims Serv. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir.1986)).  In other words there must be "a clear record of delay or contumacious conduct" that is "perverse in resisting authority and stubbornly disobedient." *Carpenter v. City of Flint*, 723 F.3d 700, 704-705 (6th Cir. 2013) (internal citations and quotations omitted).

In this case, there is no such "clear record"; the record demonstrates that Coburn did not timely respond to discovery requests, [20-4, Pg ID 130], but L.J. Ross never filed a motion to compel.  There is no record of Coburn

violating a court order, failing to respond to a pleading, or failing to appear as directed.[1] *Compare with* *Rogers v. City of Warren*, 302 Fed.Appx. 371, *5-*7 (6th Cir. 2008) (dismissal upheld when plaintiff and plaintiff's counsel failed to appear as ordered multiple times and after an order of show cause was issued); *Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 368 (6th Cir. 1997) (dismissal proper when plaintiff failed to respond to motion to compel, failed to comply with order requiring plaintiff to respond to discovery request, and failed to respond to motion to dismiss).

Of further note, prior to his counsel's appearance, Coburn had been actively participating in this case; he attended a scheduling conference, tendered initial disclosures,[2] timely filed a witness list, appeared for his deposition (notwithstanding his inappropriate evasiveness), and appeared for the August 19 telephonic conference. These actions belie L.J. Ross's contention that Coburn never intended to seriously litigate this matter. Additionally, to the extent that L.J. Ross's motion relies upon the lack of

---

[1] Coburn's counsel, David Lutz, did fail to timely appear for the April 7, 2015, hearing, and he arrived only after the undersigned magistrate judge called his office to summon him to court. Mr. Lutz's failure to properly calendar the hearing and timely appear was in serious dereliction of his duty to Coburn, especially given the fact that the hearing concerned the possible dismissal of Coburn's complaint. Nonetheless, since Lutz did timely file a response to L.J. Ross's motion to dismiss, his one-time late appearance is an insufficient basis for this Court to recommend dismissal.
[2] During the hearing, L.J. Ross's counsel acknowledged that Coburn made initial disclosures.

diligence of Coburn's counsel, the Sixth Circuit has "expressed an extreme reluctance to uphold the dismissal of a case merely to discipline a party's attorney." *Mulbah,* 261 F.3d at 591.

### 2. Prejudice to Adversary

The prejudice factor requires a showing that the moving party was "required to waste, time, money and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Harmon*, 110 F.3d at 368. In *Harmon*, the court recognized that the defendant had suffered prejudice from the plaintiff's failure to respond to interrogatories because the defendant was unable to obtain information, and had wasted time, money and effort in pursuit of the plaintiff's cooperation. The same analysis applies equally here.

To lessen the prejudice, the Court has entered an order contemporaneously with this Report and Recommendation to reopen discovery for four weeks for the limited purpose of allowing each party to complete any outstanding discovery.[3] Further, as noted at the hearing, L.J. Ross may file a motion for costs associated with Coburn and his counsel's dilatory conduct.

L.J. Ross will also have another opportunity to file dispositive motions

---

[3] Coburn alleges that Defendant has unclean heads because it has not responded to discovery requests he served in July 2014. [21, Pg ID 138].

6

to address the merits of the case, and there is no impending trial date. Under these circumstances, L.J. Ross has not presented the kind of prejudice that warrants dismissal.

### 3. Prior Warnings

There is an insufficient record to demonstrate that Coburn was adequately warned that he was facing dismissal for failure to cooperate with discovery. In the absence of bad faith or contumacious conduct, the Sixth Circuit requires adequate notice to derelict litigants before the harsh sanction of dismissal for failure to prosecute is imposed. *Harmon*, 110 F.3d at 368; *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). Here, L.J. Ross alleges that that Coburn was warned during the August 19 status conference, but that conference was not transcribed and the warning was not reduced to writing. There is no record to demonstrate whether the warning to Coburn was adequate. For example, did Judge Grand address only the deposition in dispute or did his warnings touch upon the need to cooperate with discovery in general?

The alleged off-the-record warning in this case is not analogous to the notices described in cases in which dismissal for lack of prosecution was upheld. For example, in *Rogers*, the court had warned the plaintiff in multiple orders (including two to show cause) that dismissal was on the

horizon.  *Rogers*, 302 Fed. Appx. at *7.  The plaintiff in *Harmon* was on notice that the court was contemplating dismissal because the defendant filed a motion to dismiss for lack of prosecution, and the plaintiff failed to respond to the motion within an extended time period that the court had granted.  *Harmon,* 110 F.3d at 368.  Unlike in these cases, Coburn did not receive sufficient notice to justify the harsh sanction of dismissal.[4]

### 4. Lesser Sanctions

The Sixth Circuit prefers imposition of lesser sanctions prior to dismissal in all but the most egregious cases.  See *Carpenter*, 723 F.3d at 709.  In this case, the Court has not previously imposed a lesser sanction on Coburn or his counsel, and L.J. Ross has not previously requested a lesser sanction through a motion to compel.

For all of these reasons, the Court recommends that L.J. Ross's motion to dismiss for failure to prosecute be denied.

### B.    Summary Judgment

As an alternative, L.J. Ross requests that the Court deem admitted the matters contained in its request to admissions.  L.J. Ross requested that Coburn admit that he suffered no damages or out-of-pocket expenses

---

[4] In the contemporaneously filed discovery order, this Court has warned Coburn that any further delay in these proceedings or failure to cooperate in discovery may result in sanctions up to and including dismissal under either Federal Rules of Civil Procedure 37 or 41.

8

as a result of its actions; that he has no documentary evidence to support his allegations; that he has not sought medical treatment or paid any attorney's fees related to the complaint; that the complaint was filed in bad faith and for the purpose of harassment; and that he owes the underlying debt. [20-2, Pg ID 118]. Under Rule 36(a)(3), a matter is deemed admitted if it is not answered within 30 days. However, district courts have the discretion to permit the withdrawal of such admissions, even in the absence of a formal motion, if doing so would permit the presentation of the case on its merits and would not prejudice the requesting party. Rule 36(b); *United States v. Petroff-Kline*, 557 F.3d 285, 293-94 (6th Cir. 2009); *Kerry Steel, Inc. v. Paragon Indus.*, 106 F.3d 147, 154 (6th Cir. 1997).

At the April 7 hearing, L.J. Ross acknowledged that Coburn provided answers to the request to admit after the motion for summary judgment was filed. Coburn further responded to the motion to dismiss in a manner that is inconsistent with the admissions. (See, for example, Coburn's response wherein he alleges that L.J. Ross broke laws that caused him damage. [21 at Pg ID 139]). Coburn's late-filed answer and his opposition to the motion to dismiss should be treated as a motion to withdraw the admissions, and L.R. Ross's request to deem the matters admitted should be denied. The reasons are three-fold.

First, deeming the matters admitted instead of allowing withdrawal is disfavored when the admissions "would practically eliminate any presentation on the merits of the case." *Rilely v. Kurtz*, 194, F.3d 1313, 1999 U.S. App. LEXIS 24341, 1999 WL 801560, at *3 (6th Cir. 1999) (citation and internal quotation marks omitted). There is a strong preference for adjudicating cases on the merits rather than on a failure to timely file answers to requests for admissions. *Kerry Steel*, 106 F.3d at 154; *Bell v. Konteh*, 253 F.R.D. 413, 416 (N.D. Ohio 2008) (*citing Warren v. Irvin*, 985 F.Supp. 350, 352-53 (W.D.N.Y. 1997).

Based on that preference, the Sixth Circuit found that the district court in *Kelly Steel* had the discretion to rely on statements made at oral argument to deem the admissions withdrawn, even though no formal motion to withdraw had been filed. *Kelly Steel*, 106 F.3d at 153-54. In *Bell*, the court cited the preference for adjudication on the merits when it reluctantly granted a motion to withdraw admissions that was not filed until four months after the answers were due. *Bell,* 253 F.R.D. at 415-16.

In this case, if the matters at issue are deemed admitted, there will be no genuine issue of material fact left in the case and L.J. Ross will be entitled to judgment as a matter of law under Federal Rule of Civil Procedure Rule 56. In recognition of the strong preference described

10

above, Coburn should be permitted to withdraw his admissions, and his case should be decided on the merits.

An additional consideration is whether L.J. Ross will suffer prejudice if the Court permits Coburn's late answers to the request for admissions. Prejudice under Rule 36(b) "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Kelly Steel*, 253 F.R.D. at 154 (citation and internal quotation marks omitted).  L.J. Ross has not articulated any special difficulties that it would face if Coburn is permitted to withdraw his admissions.

The final reason why Coburn should be permitted to withdraw his admissions is because a number of them pertain to legal conclusions, including whether L.J. Ross owed Coburn damages and whether Coburn owed the underlying debt.  [20, Pg ID 103-04].  Requests for admissions that "target the ultimate legal issue in the case" are not within the proper scope of Rule 36.  *Petroff-Kline*, 557 F.3d at 293 (declining to deem admitted requests that sought dispositive legal conclusions, such as, "Defendant does not owe money to Plaintiff.").

For these reasons, the Court finds summary judgment inappropriate at this juncture as well.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that L.J. Ross's motion for dismissal/summary judgment **[20]** be **DENIED WITHOUT PREJUDICE**.

Dated: April 10, 2015　　　　　　　　　　s/Elizabeth A. Stafford
Detroit, Michigan　　　　　　　　　　　　ELIZABETH A. STAFFORD
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 10, 2015.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager