UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TODD COBURN,

                                  Civil Action No.: 14-11080

              Plaintiff,        Honorable Mark A. Goldsmith

v.                              Magistrate Judge Elizabeth A. Stafford

L.J. ROSS ASSOCIATES, INC.,

              Defendant.

_____/

## REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT [R. 28]

Before the Court is defendant L.J. Ross Associates, Inc.'s ("LJRA")

motion for summary judgment on plaintiff Todd Coburn's claims. [R. 28]

LJRA argues that Coburn cannot maintain a claim under either the Fair

Credit Reporting Act or the Michigan Occupational Code.  Because the

Court finds that factual disputes remain on one of Coburn's claims, it

**RECOMMENDS GRANTING IN PART AND DENYING IN PART** LJRA's

motion [R. 28].

## I.    BACKGROUND

In 2010, Consumers Energy referred Coburn's unpaid utility account

to LJRA for collection.  [R. 28-1, PgID 186].  On September 2 of that year,

LJRA mailed an initial collection notice to Coburn.  [*Id.*].  In April 2011,

Coburn satisfied the debt.  [*Id.*].

In the fall of 2013, Coburn learned that the delinquent account appeared on his credit report with a balance still showing.  Coburn allegedly sent a letter to LJRA in August 2013 seeking validation of the debt, although he has not provided a copy of that letter or a certified mail receipt reflecting its mailing.  Nevertheless, LJRA acknowledges receiving correspondence from Coburn on September 11, 2013, and avers that it responded by informing Coburn that the account was closed and marking the account as "disputed" for credit reporting purposes.  [R. 28-1, PgID 186].

Coburn alleges he did not receive a response, and he sent another letter on October 2013 again seeking verification of the debt.  [R. 29-4, PgID 201].  LJRA responded that it was no longer handling this account, that it would remove the debt from Coburn's credit report within 30 to 90 days, and that he should contact Consumer's Energy for further information.  [R. 29-6, PgID 203].  Nonetheless, instead of removing the debt from Coburn's credit report, LJRA asserts that it again marked the

account as disputed for credit reporting purposes.  [R. 28-1, PgID 186].[1]

In August 2013, Coburn sent letters to the three major credit reporting agencies ("CRA"), Experian, Equifax and TransUnion, seeking validation of the debt and disputing that he owed it.  Only the letters to Experian and Equifax are in the record.  [R. 29-1, PgID 198, R. 29-2, PgID 199].  Coburn provides certified mail receipts for all three CRAs reflecting that the three letters were mailed on the same day.  [*Id.*, PgID 200, 202].

LJRA claims that it received an inquiry from a single unidentified credit agency in December 2013 regarding the status of the account at issue and reported back that the account had been placed with LJRA for collection but was subsequently paid.  [R. 28-1, PgID 187].  It denies having received any other inquiries about the account prior to the suit being filed.  [*Id.*].

Coburn attaches to his response three copies of his credit report. The first is from August 18, 2013, prior to his first notification to LJRA of a dispute.  [R. 29-7, PgId 204].  The second, a December 18, 2013 Experian report, describes the account as closed and in dispute, and indicates that payment on an outstanding balance is "seriously past due."  [R. 29-9, PgID

---

[1] According to LJRA, it received another letter from Coburn in December 2013 and that it again marked the account as "disputed." [R. 28-1, PgID 186-87]. Coburn does not mention this additional correspondence and its existence or lack thereof is immaterial to the issues at hand.

206].  The third, from February 2014, is a snapshot of all three CRAs.  [R. 29-12, PgID 209].  The Experian report continues to relay the same information as before, including that the balance is seriously delinquent, and that the account is closed and in dispute.  [*Id.*].  The Equifax report does not reflect the account at all, and the TransUnion report states that the account is still open with a balance, but in dispute.  [*Id.*].[2]

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-57 (1986); *Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011).  The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).  A fact is material if it could

---

[2] On this last report, a second account appears also listing LJRA as a creditor.  [R. 29-12, PgID 209].  However, the account number associated with this delinquent account is different than the one at issue here and appears unrelated.

4

affect the outcome of the case based on the governing substantive law. *Liberty Lobby*, 477 U.S. at 248. A dispute about a material fact is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

If the movant satisfies its burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001). The opposing party "may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). Indeed, "'[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id.* (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)). Moreover, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could

reasonably find for the plaintiff." *Liberty Lobby*, 477 U.S. at 252.

In deciding a summary judgment motion, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court need only consider the cited materials, but it may consider other evidence in the record. Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

## III.   ANALYSIS

Although it is not entirely clear from Coburn's complaint, the parties appear to agree that he is alleging claims under the Michigan Occupational Code ("MOC") (M.C.L. §339.901 *et seq.*), and the federal Fair Credit

Reporting Act ("FCRA") (15 U.S.C. § 1681 *et seq.*).[3]  LJRA argues that it is

in entitled to summary judgment on both the state and federal claims.  The

Court will analyze each separately.

### A.    Michigan Occupational Code

Coburn appears to allege a violation of the MOC as a result of LJRA's

failure to validate Coburn's debt after it received a request from him to do

so.  The MOC requires a debt collector, within five days after first

communicating to a consumer its possession of a debt, to send the

consumer specific disclosures about the debt and the consumer's right to

dispute its validity.  M.C.L. § 339.918(1).  The statute also provides that, if

the consumer disputes the validity of the debt in writing within 30 days of

receiving the written notice, the debt collector cannot collect on the debt

until validity is verified and the verification is mailed to the consumer.

M.C.L. § 339.918(2).

Coburn claims that this statute required LJRA to verify and respond to

his debt verification letter.  He is mistaken, as the statute is not applicable

---

[3] Although Coburn's complaint, which was originally filed in state court *pro se*, identifies two other state statutes he believed were violated [Dkt. 1, PgID 5 (citing M.C.L. §§ 445.901 and 445.251), his response to LJRA's motion does not mention either statute, nor identify how either was violated, and thus the Court interprets Coburn as having abandoned these other claims.  Furthermore, § 445.251 is merely a statute defining terms and § 445.901 appears to have no bearing on the facts of this case, as it prohibits deceptive practices in commercial transactions.

to the facts of this case.  Coburn admits that he mailed his verification letter more than two years after LJRA had instituted collection of, and Coburn satisfied, the outstanding debt.  [R. 29-13, PgID 210].  The verification period set forth in the statute is prior to satisfaction of the debt; indeed, the statute specifically provides that a debt collector need not send the specified information where the debt has already been paid.  M.C.L. § 339.918(1) (excepting notice where "the consumer has paid the debt").

Even if the debt had not been satisfied, Coburn's request for validation was untimely because it fell long after the thirty days allotted by the statute.  M.C.L. §339.918(2).  LJRA avers, and Coburn does not dispute, that it sent its original collection notice on September 2, 2010.  As such, Coburn has no claim under this statute and LJRA is entitled to judgment as a matter of law.

### B.    Fair Credit Reporting Act

Both parties agree that Coburn alternatively seeks relief under the FCRA.  15 U.S.C. § 1681 *et seq.*  LJRA construes Coburn's claim as arising under § 1681s-2(a), which obligates a furnisher of credit information, such as LJRA, to report accurate information to the CRAs. LJRA correctly points out that § 1681s-2(a) did not create a private right of action; that subsection is specifically carved out for enforcement by one of

8

several federal or state agencies. *Boggio v. USAA Fed. Savings Bank*, 696 F.3d 611, 615 (6th Cir. 2012). Thus, to the extent Coburn seeks relief under this subsection, LJRA is entitled to summary judgment on his claim.

However, Coburn cites §1681s-2(b) in his response, which is enforceable by private action. *Boggio*, 696 F.3d at 615-16. That subsection requires that a furnisher of information confronted with a claim of dispute from a CRA investigate the dispute and report its findings back to the CRA within 30 days of receiving notice. 15 U.S.C. § 1681s-2(b). If the furnisher discovers that it had previously reported inaccurate information (or cannot verify the information), it is also obligated to correct the error, delete the information or permanently block reporting of the information. *Id.* The furnisher must report any correction or deletion of errors to all CRAs to whom it furnished information, whether or not they independently notified the furnisher of a dispute. *Id.*

In addition to citing §1681s-2(b) in his response to LJRA's motion, Coburn's pleadings include factual allegations that raise a claim under that provision. He alleges that, when LJRA received inquiries from CRAs, it represented that the debt was valid as reported so that the erroneous information remained on his credit report. [R. 1, PgID 7]. Summary judgment of this claim should be granted only if LJRA can show no material

9

dispute that: (1) it did not receive notice of a dispute from a CRA; (2) its receipt of notice resulted in a reasonable and timely investigation revealing no inaccuracies in its reporting, which it reported to the CRA; or (3) that its receipt of notice resulted in a reasonable and timely investigation that revealed inaccuracies that were either corrected or deleted and were then reported to all CRAs.  *Brown v. Wal-Mart Stores, Inc.*, 507 Fed. Appx. 543, 547 (6th Cir. 2012) (no liability where no dispute of fact that furnisher did not receive notice of dispute from credit bureau); *Boggio*, 696 F.3d at 616-18 (§ 1681s-2(b) requires a reasonable investigation and correction of inaccurate information).  LJRA has not met its burden here.

First, LJRA admits that it received notice from at least one unidentified CRA in December 2013.  Second, LJRA does not mention whether it ever undertook an investigation into the dispute, let alone aver that its investigation was reasonable and timely.  Finally, it does not demonstrate that its responded to the inquiring CRA by confirming previously accurate reporting (in which case it need do no more), or by correcting previously inaccurate reporting, thus triggering its obligation to notify all other CRAs of the inaccuracy.  Instead, LJRA simply states that, upon receiving notice from an unidentified CRA on December 16, 2013, it responded on an unknown date by stating that the account had been

10

placed with it for collection, but was subsequently paid.  [R. 28-1, PgID 187].

Further, Coburn's exhibits raise an issue of fact regarding these elements.  His credit reports indicated a balance on the account despite it having been satisfied, which permits an inference that LJRA had previously reported inaccurate information.  Additionally, two of Coburn's three credit reports continued to show a balance on the account as of February 2014, almost two months after LJRA admits it received notice of a dispute.  Given this evidence as well as LJRA's admissions and omissions, the Court cannot find as a matter of law that that LJRA timely completed its investigation, corrected inaccurate reporting or otherwise reported its findings as required by the statute.

Thus, disputed issues of fact regarding a violation of § 1681s-2(b) remain and summary judgment on this claim should be denied.

IV.   **CONCLUSION**

For the foregoing reasons, the Court **RECOMMENDS** that LJRA's motion for summary judgment **[R. 28]** be **GRANTED IN PART AND DENIED IN PART**, and that Coburn's claims under the Michigan Occupational Code and 15 U.S.C. § 1681s-2(a) be dismissed with prejudice.

11

Dated: September 29, 2015          s/Elizabeth A. Stafford
Detroit, Michigan                  ELIZABETH A. STAFFORD
                                   United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P.

72(b)(2). Failure to file specific objections constitutes a waiver of any

further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.

Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*,

638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation. *Willis v. Secretary of

HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers

Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection

must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2,"

etc., and **must specify** precisely the provision of this Report and

Recommendation to which it pertains. Not later than fourteen days after

service of objections, **the non-objecting party must file a response** to

the objections, specifically addressing each issue raised in the objections in

12

the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## <u>CERTIFICATE OF SERVICE</u>

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2015.

        <u>s/Marlena Williams</u>
        MARLENA WILLIAMS
        Case Manager